## HOUCK *v.* HOUCK.

Where testator directed a sale of his land, and appointed an executor, but gave no express authority to any person, by name or description, to make the sale, the court may, under the act of 1834, compel the executor to effect the sale according to its directions, and give security for the distribution of the proceeds.

APPEAL from the Orphan's Court of Huntingdon.

*May* 20. On the 10th May, 1834, Jacob Houck made his will, in which, after various devises and legacies, he directed "that after the decease of his wife the remaining part of his real estate should be sold, and out of the moneys arising from the sale, $200 should be paid to his younger son Johnson, and as to the remaining part of the moneys arising from the sale of his real estate, he willed, after his executor had received compensation for his trouble, the residue should be divided into five equal parts," one of which he gave to said Johnson, and the other four to his four daughters; and appointed his son Samuel executor. After the death of the testator's widow, Johnson Houck, the legatee, filed a petition in the Orphan's Court, setting out these facts, and that the executor had not authority under the will to make sale of the land, and was not willing to apply to the court for authority, and prayed an order on the executor to sell under the act of Assembly.

On the hearing, the court ordered a sale by the executor, on six weeks' notice by specified advertisements, and that he should give security for distribution, which he was directed to make according to the will.

This decree, especially as to the order of security, was assigned for error by the executor appellant.

*Fisher*, for appellant.—Under the will the executor had the power of selling the land; Lloyd *v.* Taylor, 2 Dall. 223; S. C. 1 Yeates, 422. The act of the 24th Feb. 1834, sec. 12, has not changed the law; that act being entirely remedial in its provisions, and intended solely to enable executors to make sale, under the directions of the court, in cases where previously they had no such power.

*Campbell*, contrà, cited act of 24th Feb. 1834, sects. 11, 12, 13; 5 Whart. 560; Wood's Estate, 1 Barr, 368.

*May* 29. PER CURIAM.—It is not to be doubted, that if the court had a right to entertain the application for the order, it had

power to dictate the conditions on which the executor should be permitted to execute it, and consequently power to require him to give security. The statute authorizes such an order when a power over real estate is given generally, and not to any person in particular, "by name or by description," and this testator devised that the remaining part of his real estate, after testamentary dispositions of certain parts of it, should be sold; so that, *prima facie*, the case is within the purview. But he subsequently directed, that the remaining part of the moneys arising from the sale of his real estate, after the executor should have received compensation for his trouble, should be divided among persons particularly named; and hence it might be inferred that he had in view the executor's trouble in selling the real estate. But as the power of the court over the subject is a wholesome one, it ought not to be restrained by circumstances of mere implication, especially when the statute requires a designation by name or description. If the executor is a trustworthy man he can always furnish security; if he is not, there is the greater reason for exacting it from him. The appellant has no ground of complaint.

Order affirmed.